## CORA M. CONNOR v. KANSAS CITY RAILWAYS COMPANY, Appellant.

Division One, April 6, 1923.

1. **NEGLIGENCE: Evidence: Traumatic Neurosis: Outside of Allegations.** The petition alleged that plaintiff was so injured that "her entire body, including her head, arms, legs and all the bones, muscles, nerves, vessels and ligaments thereof, were bruised, contused, sprained, torn, lacerated and injured, and that she has sustained a concussion of the spine, and her internal organs were bruised, contused. torn, lacerated and injured, and that because of said injuries she was rendered permanently sick, sore, sad, lame, weak, nervous and dizzy, and she has suffered and will in the future continue to suffer intense pain and anguish." *Held,* that neither insanity, irrationality nor traumatic neurosis, with all its train of ills, is a necessary result of the injuries pleaded, and testimony tending to prove them was not within the pleadings. And the action of the court in striking out a physician's detailed statement of the "factors" of traumatic neurosis did not cure the erroneous admission of such testimony, since it left in the case the direct testimony as to irrationality and incoherence, and the further testimony that plaintiff was suffering from traumatic neurosis. Striking out the definition of a thing does not ordinarily cure error in admitting testimony of the thing itself.

2. ———: ———: ———: ———: **Surprise.** Failure to file an affidavit of surprise does not bar defendant from urging as error the admission of testimony of injuries not embraced within the allegations of the petition.

3. ———: **Plaintiff's Conduct While Testifying: Shedding Tears.** The fact that plaintiff sheds tears while testifying does not authorize a

discharge of the jury, especially where there is testimony that her tendency to tears is one of the results of her personal injuries. But if she is malingering this may be shown.

4. ———: Instruction: Preliminary Statement: Not Basis of Recovery. A preliminary recital defining the duty of defendant street car company to plaintiff as a passenger, and not made a predicate of recovery except as to the degree of care required, in an instruction which, when it comes to deal with the question of negligence, is confined to the issues made by the pleadings, is not erroneous.

Transferred from Kansas City Court of Appeals.

REVERSED AND REMANDED.

*Gabriel & Conkling* for appellant.

(1) The court erred in admitting over the objection and exception of the defendant, improper, incompetent and prejudicial evidence offered by the plaintiff. (a) In permitting Dr. Skoog to testify that plaintiff's face muscles were paralyzed and that plaintiff had a diminution of functions mentally. ·Bergfeld v. Dunham, 202 S. W. 253; Provance v. Railway, 186 S. W. 955; Shafer v. Railway, 192 Mo. App. 502; Johnson v. Railway, 192 Mo. App. 1; Hall v. Coke Co., 260 Mo. 351. (b) In permitting Dr. Boyer to testify that plaintiff was irrational, hysterical and talked incoherently and not intelligently, had traumatic neurosis, that such traumatic neurosis was progressive and that plaintiff would get worse, epilepsy, insanity, Graves' disease, chorea, pulse agitans. Hall v. Coke Co., 260 Mo. 351; Johnson v. Railway, 192 Mo. App. 1; Bergfeld v. Dunham, 202 S. W. 253; Johnson v. Railway, 192 Mo. App. 1; Provance v. Railway, 186 S. W. 955; Hibbler v. Rys. Co., 237 S. W. 1016. (2) The court erred in overruling and denying defendant's motion to discharge the jury, because of the misconduct of the plaintiff while upon the stand and in the presence and hearing of the jury. (3) The court erred in giving to the jury Instruction P1, given at the request of the plaintiff and over the objection and exception of the defendant. The

instruction enlarges the issues tendered by the pleadings. State ex rel. v. Ellison, 270 Mo. 645; Beave v. Transit Co., 212 Mo. 331; State ex rel. v. Ellison, 176 S. W. 11; Ward v. Harvey, 182 S. W. 105. (4) The court erred in giving to the jury instruction P2, given at the request of the plaintiff, and over the objection and exception of defendant. Allen v. Railway, 184 Mo. App. 492; Schwend v. Railway, 105 Mo. App. 534; State ex rel. v. Ellison, 20 Mo. 645. (5) The court erred in refusing to discharge the jury because of the misconduct of witness Boyer in that, over continued and repeated objection and interruption by counsel, witness Boyer willfully injected into the case and put before the jury incompetent and highly prejudicial statements, remarks, evidence, and collateral matters of speculation and conjecture. Hall v. Coke Co., 260 Mo. 351; Shafer v. Dunham, 192 Mo. App. 502.

*Rogers & Yates* for respondent.

(1) The testimony of Drs. Skoog and Boyer was competent under the allegations of the petition, and no error was committed by the court in admitting it. Roy v. Kansas City, 244 S. W. 132; Hance v. United Rys. Co., 223 S. W. 124; Price v. Met. St. Ry. Co., 220 Mo. 435. (2) Plaintiff's Instruction P1 properly submitted the issue of defendant's negligence and plaintiff's right to recover to the jury. Modrell v. Dunham, 187 S. W. 561; Anderson v. Street Railway, 159 Mo. App. 449; Jerome v. United Rys. Co., 155 Mo. App. 205. (3) Plaintiff's Instruction P2 properly submitted the question of the measure of damages.

JAMES T. BLAIR, J.—This case was transferred to this court because one of the judges of the Kansas City Court of Appeals deemed the decision contrary to previous decisions of this court. [Section 6, Amendment 1884, Art. VI, Mo. Constitution.]

The negligence charged was that the car was violent-

ly and in an unusual manner moved and jerked in such way as to throw respondent, a passenger, therefrom. It is alleged that as a result respondent was so injured that "her entire body, including her head, arms and legs and all of the bones, muscles, nerves, vessels and ligaments thereof were bruised, contused, sprained, torn, lacerated and injured, and that she sustained a severe concussion of her spine, and that her internal organs were bruised, contused, torn, lacerated and injured, and that because of said injuries she was rendered permanently sick, sore, sad, lame, weak, nervous, dizzy, and she has suffered and will in the future continue to suffer intense pain and mental anguish and has lost and will in the future continue to lose her natural rest and sleep, all to her damage," etc. The answer was a general denial. The verdict was for $10,000. The trial court required a *remittitur* of $5,000, and judgment was rendered for $5,000.

Appellant's assignments of error do not draw in questions the sufficiency of the pleadings or evidence on the issue of negligence, and a statement of the facts as to this is unnecessary.

In the course of his testimony Dr. Skoog said that an examination disclosed that all of respondent's facial muscles "are somewhat impaired in function. There is a well defined diminution of ability for expression, that is, the defined facial muscles impaired functionally." A motion to strike out this because it was outside the issues was overruled. He also testified, over a like objection, that "in the general nervous system and mental condition we also find a diminution of functions," and that respondent was slow in answering questions and frequently wept and gave "other evidences of emotional disturbances." Dr. Boyer, over a like objection, was permitted to testify that respondent was irrational at times; that "she was extremely nervous, that does not embrace it"; that she "has a traumatic neurosis," which, he testified, "is a nervous condition that—hysteria would be a factor of traumatic neurosis, epilepsy, insanity,

Graves disease, . . . chorea, pulse agitans—all are factors, are resultants of traumatic neurosis." On motion the court struck out the enumeration of the factors and results of traumatic neurosis, but allowed the testimony that respondent was suffering from traumatic neurosis to remain in the record. The witness subsequently testified that traumatic neurosis was "manifested . . . by insanity, hysteria," and this was stricken out. He then testified respondent's symptoms which indicated traumatic neurosis were that she "talks incoherently, she can not talk to you intelligently, she cries when you talk to her, she complains of various things, pain, weakness, loss of appetite, numbness; she complains of various things. Are the principal factors I see." A motion to strike out as beyond the issues was overruled. Over the same objection the witness testified respondent's condition was permanent; that traumatic neurosis is progressive and that respondent would get worse.

A motion to discharge the jury because respondent shed tears at times during her testimony was overruled. All that is shown by that part of the record on which appellant founds its complaint in this court is that respondent wept on two occasions during her testimony. The motion to discharge recites other things that are not found elsewhere. Respondent's testimony occupies nearly forty pages of the record.

Appellant also complains of respondent's Instruction One on the ground that, it is contended, it authorized recovery if respondent was found to be a passenger and appellant failed to employ "the highest reasonable practical degree of care and foresight to safely carry plaintiff and allow her a reasonable time to safely alight from said car." The point made is that the negligence alleged is in causing or permitting the "car to be violently and suddenly jerked and moved in an unusual manner, whereby plaintiff was violently thrown to the street" and injured, and that this does not include an issue as to negligence in failing to allow respondent a reasonable time to alight. Instruction Two for respondent is criticized

because it permits recovery for future disability, pain and suffering. It is said there was no evidence to justify the submission of these things as elements of damage.

Other assignments pertain to argument of counsel, the conduct of a witness and the amount of the judgment.

I. (1) The Court of Appeals was right in holding that the admission of testimony tending to prove insanity was erroneous in that it was not within the pleadings. Neither insanity, irrationality nor traumatic neurosis, with its train of ills, is a necessary result of injuries such as are pleaded in the petition.

**Unpleaded Injuries.** Injuries to nerves do not necessarily so result, and a nervous condition does not necessarily include them, as one witness for respondent testified, in substance. Under the applicable rule, the admission of the testimony mentioned was error. [Hall v. Coal & Coke Co., 260 Mo. l. c. 370; Hibbler v. Kansas City Rys. Co., 292 Mo. 14, 237 S. W. l. c. 1016, 1017.] The action of the trial court in striking out the detailed statement of the "factors" of traumatic neurosis does not cure the error. It left in the case direct testimony as to irrationality and incoherence, and, also, the testimony that respondent was suffering from traumatic neurosis. The idea that striking out the definition of a thing cures the error in admitting testimony as to the thing itself is, perhaps, based upon an assumption that without the definition a jury would not know the character of the thing and could not, therefore, be misled. This is not a safe rule to adopt for the cure of error. Aside from that, other testimony as to insanity was not stricken out. Under the rule referred to the evidence was outside the pleadings.

(2) The assignment that the trial court erroneously admitted testimony of facial paralysis need not be discussed. **Paralysis.** Since the case is to be retried, all controversy on this point can be eliminated.

II. The suggestion that the questions mentioned in

the preceding paragraph cannot be urged since appellant filed no affidavit of surprise under the statute (Secs. 1272, 1452, R. S. 1919) is answered in Hibbler v. Kansas City Rys. Co., supra.

*Surprise.*

III.   The record does not show error in refusing to discharge the jury because of respondent's conduct while testifying. The testimony was that her tendency to tears was one of the results of her injury. There seems to be no ground for saying that a defendant may not be required to face on the trial the results of its negligence. If a plaintiff is malingering this may be shown. The jury must find on the whole evidence.

*Shedding Tears.*

IV.   (1) Instruction One is not open to the criticism made of it. The clause objected to appears in a preliminary recital which defines the duty of appellant to respondent as a passenger and which is not made the predicate of a recovery except with respect to the degree of care required. When the instruction comes to deal with the question of negligence, it is confined to the issue made by the pleadings. The instruction does not, as charged, submit the question whether respondent was allowed a reasonable time to alight.

*Preliminary Recital.*

(2)   There was substantial evidence that respondent's condition was permanent and progressive, and that at the time of the trial she was under disabilities and suffering from her injuries. The objection made to Instruction Two is not sound.

*Permanent Injuries.*

V.   It is not necessary to discuss the questions raised on the argument of counsel and the size of the verdict. These matters may be left to the trial court on the retrial.

*Verdict.*

The conclusion reached by the Court of Appeals is correct. The judgment is reversed and the cause remanded. All concur, except *Woodson, J.,* who dissents.